UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:16-CR-34-GFVT-HAI-6 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| JAMIE SWEETON, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jamie Sweeton is charged with conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting in the burglary of a pharmacy in violation of 18 U.S.C. §§ 2 and 2118(b), both Class C felonies. He has pled not guilty (D.E. 53), and his trial is currently scheduled for August 22, 2017. D.E. 140.

On April 4, 2017, Defendant, through counsel, filed a motion for a competency evaluation. D.E. 124. At the motion hearing on April 7, 2017, the Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal. D.E. 126; 127. On April 11, 2017, the Court, upon the required findings, ordered the psychiatric or psychological examination pursuant to 18 U.S.C. § 4247(b) to be performed at the Federal Medical Center-Lexington ("FMC-Lexington") in Lexington, Kentucky. D.E. 129. Defendant was evaluated at FMC-Lexington from April 17, 2017, through June 1, 2017. D.E. 153 at 2. All parties had access to the Psychiatric Report ("the Report") issued by Dr. Judith Campbell, Ph. D., following this evaluation, in which she found Defendant competent to stand trial. *Id*. at 9.

1

On July 6, 2017, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d), in London, Kentucky. D.E. 158. During that hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof and argument in opposition, and waived the right to examine or cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent under this standard, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). 18 U.S.C. § 4247(d) governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d), a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreements among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[1] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See*

---

[1] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

2

*Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Campbell. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. Dr. Campbell analyzed Defendant's history, course of evaluation, and testing performance. She directly observed Defendant via interviews and subjected him to a battery of psychological testing. Dr. Campbell spoke with the prosecutor and defense counsel. She also secured and reviewed some legal documents and medical records, including mental health records from Centerstone Community Mental Health Care Center.

Dr. Campbell's report is a thorough and comprehensive assessment of Defendant's history, mental and psychiatric condition, and circumstances. Notably:

(1) The Report indicates that in spite of previous reports of anxiety, Defendant was not exhibiting any signs or symptoms of acute psychological distress at the time of the evaluation. D.E. 153 at 4.

(2) Defendant's mental condition remained stable over the course of the evaluation, and he did not display aggressive or bizarre behavior or any behavioral management problems suggestive of mental illness. *Id*.

(3) Defendant's performance on the Wechsler Adult Intelligence Scale-Fourth Edition ("WAIS-IV") indicates that he has some mild cognitive limitations. *Id*. at 5. Overall, the results of the psychological testing and clinical interviews with Defendant during the evaluation "suggest some cognitive limitations, but do not support a finding of severe mental illness or mental defect sufficient to preclude his ability to proceed competently at this time." *Id*. at 6.

(4) Defendant's mental status examinations "revealed an oriented, logical, and rational individual who was cooperative, polite, and well-mannered during interviews and testing sessions." *Id*.

(5) Although his vocabulary is limited, Defendant was able to discuss the case in "a rational and reality-based manner." *Id*. Additionally, he did not display any symptoms of a formal thought disorder. *Id*.

(6) Defendant did appear to be suffering symptoms commonly associated with depression. *Id*. at 7. He showed "no signs of severely depressed mood over the course of the evaluation as he did not evidence feelings of pervasive worthlessness, or diminished appetite characteristic of severe depression." *Id*. Generally, his mood remained stable. *Id*.

(7) Defendant was diagnosed with the following conditions: Mild Intellectual Disability; Unspecified Depressive Disorder; and Moderate Opioid Use Disorder but was able to express a "basic, concrete understanding of the charges against him and the events leading up to his arrest." *Id*. at 8.

(8) Despite these diagnoses, Defendant's cognitive impairment does not prevent him from meeting the minimum standard for competence as he understands the charges against him and can adequately assist his attorney in preparing his defense for trial. *Id*.

(9) Defendant evidenced a basic appreciation and understanding of his particular legal situation, and "demonstrated a concrete understanding of basic legal concepts and the nature of legal proceedings in general [with] the ability to apply this knowledge to the facts of his own case. *Id*. at 9.

The Report therefore concluded that

> [Defendant] is not suffering from a mental condition which prevents him from proceeding competently to trial. He is experiencing some intellectual limitations, but observed limitations did not prevent him from participating in interviews and demonstrating his competency. The potential detrimental impact of deficits in rapidly processing, assimilating, remembering, and responding to verbally presented information should be alleviated by [certain] accommodations.

*Id*. at 10. The Report then describes the particular suggested accommodations and states that the Court should consider:

1. Slowing down proceedings, repeating information as needed, allowing [Defendant] to ask questions, and allowing ample time for him to respond to questions; and

2. Allowing frequent breaks during legal proceedings to provide additional opportunities for counsel to discuss new information and developments in this case with [Defendant].

4

*Id*. at 10. The Report also lays out several suggested accommodations for Defendant's attorney to take into consideration when communicating with Defendant. *Id*. at 11.

Thus, Dr. Campbell accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. Dr. Campbell elicited from Defendant "a concrete understanding of basic legal concepts and the nature of legal proceedings in general [with] the ability to apply this knowledge to the facts of his own case." D.E. 153 at 9. She also positively endorsed Defendant's ability to assist counsel in preparing his defense. *Id*. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for Defendant, Hon. Christy Love, who had initially requested the competency evaluation (*see* D.E. 124). Ms. Love stated that, after receiving the Report, she reviewed it with Defendant twice and reported that her interactions with Defendant during those meetings were consistent with Dr. Campbell's Report. Additionally, Ms. Love noted that she has alerted the United States Marshal Service that Defendant has been prescribed Celexa but is not receiving it while in custody. Finally, she indicated that Defendant understands that the case will now continue and proceed to trial. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings, and indicated that he understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist

5

properly in his own defense. Therefore, the undersigned **RECOMMENDS** that District Judge Van Tatenhove find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Given the current trial date of August 22, 2017, the parties consented to a shortened objections period. Accordingly, any objection to this recommended disposition must be filed within **FIVE (5)** days of the entry of this order. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that **five-day (5)** period, this matter will be referred to Judge Van Tatenhove for his consideration.

This the 7th day of July, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge